## NICHOLAS J. BYRNE, JR. *v.* MARK R. SPURLING ET AL.
### (AC 27953)

Bishop, Harper and Peters, Js.

Argued October 15—officially released December 25, 2007

*Nicholas J. Byrne, Jr.*, pro se, the appellant (plaintiff).

*Mark R. Spurling*, pro se, the appellee (named defendant).

PER CURIAM. Pursuant to General Statutes § 45a-187, an appeal from a Probate Court order "by persons of the age of majority who are present . . . shall be taken within thirty days . . . ." Although a Probate Court "has the discretion and power to allow an appeal after the expiration of the time limitation . . . [it] is not required to do so." *VanBuskirk* v. *Knierim*, 169 Conn. 382, 387, 362 A.2d 1334 (1975). The issue in this case is whether a disappointed litigant who has not received permission to file a late appeal may obtain appellate review of a disputed order by belatedly challenging the immediate reviewability of the order that is at issue. In the absence of an adequate record, we affirm the trial court's dismissal of the appeal.

In a motion for appeal from probate dated October 4, 2004, the plaintiff, Nicholas J. Byrne, Jr., challenged the validity of an order of the Probate Court for the district of Ellington that included an attorney's fee for the defendant, Mark R. Spurling.[1] The defendant moved for a dismissal of the appeal as untimely. After finding that the plaintiff had not obtained permission from the Probate Court to allow a late appeal, the trial court granted the defendant's motion. The plaintiff has appealed.

---

[1] The present appeal concerns only the trial court's disposition of the issues relating to Spurling's legal fees. We, therefore, refer to Spurling as the defendant in this opinion.

The underlying facts are undisputed. After a May 21, 2003 hearing that the plaintiff attended, the Probate Court, *Hon. O. James Purnell,* approved a final accounting that included an attorney's fee of $7151.25 for services rendered by the defendant for Monica Banta, who had been appointed administratrix of the estate of the decedent, Nicholas J. Byrne, Sr.[2] Banta's appointment resulted from the Probate Court's resolution of a will contest in her favor. The final accounting was approved at a time when the plaintiff had filed an appeal in the Superior Court for review of the issues raised by the will contest.

On November 20, 2003, contrary to the ruling of the Probate Court, the Superior Court, *Hon. Lawrence C. Klaczak,* judge trial referee, upheld the validity of a will executed by the decedent that disinherited Banta.[3] In response, the Probate Court removed Banta as administratrix of the estate.

On February 19, 2004, relying on Judge Klaczak's judgment, the plaintiff filed a motion in the Probate Court in which he asked that court to disallow certain expenses and counsel fees that had been incurred by Banta prior to her replacement as administratrix of the estate. Judge Purnell denied this motion on the ground that the "attorney fees were approved as part of the final account on May 21, 2003. The appeal period has passed."[4] The plaintiff's subsequent application for a writ of mandamus in the Superior Court to compel Judge Purnell to revisit his earlier ruling was dismissed

[2] At oral argument in this court, the defendant stated that, although he performed some further services for the estate, he never submitted a further request for fees.

[3] Banta issued a check to the defendant in the amount approved by the court during the pendency of the appeal to the Superior Court. The defendant cashed the check after the publication of the court's decision.

[4] This history is described in the opinion of *Scholl, J.,* in *Byrne* v. *Purnell,* Superior Court, judicial district of Tolland, Docket No. CV-04-4000685-S (April 27, 2005) (39 Conn. L. Rptr. 223).

by that court, *Scholl, J.*, on the ground that Judge Purnell had discretion to decline to authorize a late appeal.[5]

The plaintiff then filed the present appeal from probate in the Superior Court. In that court, the plaintiff unsuccessfully argued that an order by acting probate judge, *Hon. John W. Cooney,* had given him permission to file a late appeal with respect to the accounting that included the defendant's counsel fees.[6] In his appeal to this court, the plaintiff has not challenged the validity of the trial court's interpretation of Judge Cooney's order. Indeed, he has not asked us to review any ruling made by the trial court.

Instead, the plaintiff has briefed two new issues in this appeal. He maintains that his appeal from the May 21, 2003 order (1) is timely because it was not immediately appealable due to his pending appeal to the Superior Court challenging the Probate Court's resolution of the will contest between himself and Banta and (2) should be sustained because the order was improper, litigation costs relating to an unsuccessful attack on a will not being chargeable against an estate.

The plaintiff has advanced no reason why this court should consider the merits of arguments that he failed to present to the trial court. See Practice Book § 60-5. He does not claim that his constitutional rights have been impaired and has not endeavored to make a showing of plain error. See *Reiner, Reiner & Bendett, P.C.*

[5] The plaintiff has not appealed from the judgment rendered by Judge Scholl.

[6] Judge Cooney's order granted the plaintiff's motion for a late filing to appeal several disputed Probate Court orders by Judge Purnell dated September 8, 2004, and May 6, 2004. The trial court found that neither of those orders addressed the merits of the contested order about attorney's fees. It found instead that "[w]hile acting Probate Judge John Cooney approved the late filing of an appeal of the decrees of May 6, 2004, and September 8, 2004, the only mention of the Spurling bill was in the decree re: the motion for review dated September 8, 2004, which noted that the bill had been approved on May 21, 2003."

v. *Cadle Co.*, 278 Conn. 92, 103 n.10, 897 A.2d 58 (2006); *State* v. *Skidd*, 104 Conn. App. 46, 50 n.5, 932 A.2d 416 (2007).

Indeed, an examination of the plaintiff's belated arguments demonstrates the need for factual findings that the record does not contain. Implicit in both of the plaintiff's claims challenging the immediate appealability of the order is his assumption that the award of attorney's fees to the defendant represented payment for services relating to the will contest rather than for services relating to the orderly winding up of the decedent's estate. We do not know that to be the case. This court cannot make factual findings. See *Miller* v. *Westport*, 268 Conn. 207, 221, 842 A.2d 558 (2004); *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore*, 96 Conn. App. 326, 335, 901 A.2d 49 (2006).

The judgment is affirmed.