******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## DANIEL FERREIRA *v.* CHARLES W. WARD
## (AC 45340)

Alvord, Seeley and Westbrook, Js.

*Syllabus*

The plaintiff sought to foreclose a judgment lien on certain real property of the defendant in 2018. After the trial court granted the plaintiff's motion for summary judgment as to liability, the plaintiff filed a motion for foreclosure by sale. The defendant objected and argued that the statutory homestead exemption ((Rev. to 2017) § 52-352) of $75,000 in effect at that time applied to preclude a judgment of foreclosure by sale of his primary residence. The court held a hearing on the plaintiff's motion in February, 2022, and rendered a judgment of foreclosure by sale, from which the defendant appealed to this court. After filing his appeal, the defendant discovered that the February, 2022 hearing had not been recorded. Pursuant to an order of this court, the trial court held another hearing in November, 2022, on the plaintiff's motion for a judgment of foreclosure by sale. At the November, 2022 hearing, the defendant's counsel argued, inter alia, that the legislature's amendment (P.A. 21-161, § 1) to the homestead exemption, effective October 1, 2021, and codified by statute (§ 52-352b (21)), which increased the homestead exemption to $250,000, applied to the defendant and precluded the sale of his primary residence. The plaintiff argued that it would be inappropriate for the court to apply the expanded homestead exemption because the statute had been revised after the commencement of the foreclosure action. The court issued an order affirming its rendering of a judgment of foreclosure by sale. *Held*:

1. This court concluded that the expanded homestead exemption of $250,000 pursuant to § 52-352b (21) applied retroactively to a postjudgment proceeding in which a judgment lien was issued and recorded and an action to foreclose on the judgment lien was commenced at a time when the now repealed statute, § 52-352b (t), was in effect, but the judgment of foreclosure was rendered after the amended statute, § 52-352b (21), had become effective: the expanded homestead exemption could be applied retroactively because it was procedural in nature, as the legislature's intention in expanding the exemption was to focus on the exemptions available to debtors during bankruptcy or postjudgment proceedings and not to create, define, or regulate rights; moreover, the language of P.A. 21-161 did not indicate that the legislature intended to carve out preexisting or other debts from the exemption or to preclude P.A. 21-161 from applying to a postjudgment proceeding in which the action to foreclose on the judgment lien was commenced before it became effective, as the fact that the language of § 52-352b (t) included carve-outs for preexisting debts but the language of § 52-352b (21) did not include

such carve-outs indicated a legislative intent not to exclude preexisting debts from the scope of the expanded homestead exemption.

2. The trial court improperly denied the defendant's request for an evidentiary hearing on his claim that the expanded homestead exemption applied to preclude the plaintiff from foreclosing on his primary residence: the defendant raised his homestead exemption claim multiple times before the court rendered a judgment of foreclosure and, although this court had yet to address the specific question of whether a defendant must be afforded an evidentiary hearing on a homestead exemption claim prior to a trial court rendering a judgment of foreclosure, this court concluded, on the basis of persuasive Superior Court cases, that such an evidentiary hearing should be held; moreover, during such an evidentiary hearing, at which the court affords the defendant the opportunity to present support for his claim that the homestead exemption applies, the proper procedure would be for the court to apply the definitions set forth in the statute (§ 52-352a) to the formula contained in § 52-352b (21) and decide, on the basis of the evidence before it, whether to render a judgment of foreclosure; accordingly, the case was remanded to the trial court for an evidentiary hearing as to the applicability of the defendant's homestead exemption claim pursuant to § 52-352b (21) prior to rendering a decision on the plaintiff's motion for a judgment of foreclosure by sale.

Argued November 13, 2023—officially released April 9, 2024

*Procedural History*

Action to foreclose a judgment lien on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability only; subsequently, the court, *Hon. Arthur A. Hiller*, judge trial referee, rendered judgment of foreclosure by sale, from which the defendant appealed to this court. *Reversed*; *further proceedings*.

*Prerna Rao*, for the appellant (defendant).

*Christopher D. Hite*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, Charles W. Ward, appeals from the judgment of foreclosure by sale rendered by

the trial court in this action to foreclose a judgment lien brought by the plaintiff, Daniel Ferreira. On appeal, the defendant claims that the court improperly rendered a judgment of foreclosure by sale without first holding an evidentiary hearing, as requested, to determine whether the homestead exemption of $250,000 set forth in General Statutes § 52-352b (21)[1] applied. We reverse the judgment of the court.

The following facts and procedural history are relevant to our resolution of this appeal. On January 8, 2015, in an unrelated civil action, the plaintiff obtained a judgment against the defendant in the amount of $123,533.05. On May 4, 2015, to secure the judgment, the plaintiff recorded a judgment lien in the town of Milford land records against the defendant's property located at 100 Cinnamon Road in Milford (primary residence). The plaintiff then notified the defendant of the judgment lien pursuant to General Statutes § 52-351a.[2]

In January, 2018, the plaintiff commenced the present action against the defendant seeking to foreclose the judgment lien. The plaintiff also filed in the land records a notice of lis pendens. On June 7, 2018, the defendant

[1] At the time the plaintiff commenced this foreclosure action, the homestead exemption was contained in General Statutes (Rev. to 2017) § 52-352b (t) and exempted from the claims of creditors the value of the debtor's homestead up to the amount of $75,000. Subsequently, in 2021, the legislature enacted No. 21-161 of the 2021 Public Acts, § 1 (P.A. 21-161), which repealed General Statutes (Rev. to 2021) § 52-352b in its entirety effective October 1, 2021, and codified the amended homestead exemption in § 52-352b (21), increasing the homestead exemption to $250,000. For the reasons set forth in part I of this opinion, all references herein to § 52-352b (21) are to the current revision of the statute.

[2] General Statutes 52-351a provides: "When a lien is placed on any property or when any postjudgment paper, other than a wage execution or property execution levied against property of a natural person, is served on a third person, the judgment creditor shall send a copy of the lien, or of the papers so served, together with a statement as to where the lien was filed or on whom the papers were served, to the judgment debtor at his last-known address by first class mail, postage prepaid."

filed an answer to the complaint and asserted as a special defense that he "is entitled to the exemptions provided under . . . General Statutes § 52-352a et seq." The plaintiff filed a reply wherein he denied the defendant's special defense.

Thereafter, the plaintiff filed a motion for summary judgment as to liability only and an accompanying memorandum of law in support thereof. The plaintiff appended as exhibits to his motion for summary judgment a certified judgment lien and an affidavit wherein he averred that the judgment lien remains unsatisfied. The defendant did not file an objection to the motion, and the court rendered summary judgment as to liability in favor of the plaintiff.

The plaintiff then filed a motion for a judgment of foreclosure by sale. The defendant filed an objection to the motion and argued, inter alia, that the homestead exemption applied to preclude a judgment of foreclosure by sale of his primary residence. The court, *Hon. Arthur A. Hiller*, judge trial referee, held a remote hearing on the plaintiff's motion on February 22, 2022. The court subsequently issued an order granting the plaintiff's motion and rendered a judgment of foreclosure by sale. The court found that the debt as of February 22, 2022, was $123,533.05 and the fair market value of the primary residence was $255,000.[3] The court set a sale date of August 27, 2022. This appeal followed.

After the filing of this appeal, the defendant, in ordering a transcript of the February 22, 2022 hearing, discovered that the hearing had not been recorded. The defendant filed a motion for rectification and requested that the court conduct a new hearing on the motion for judgment for purposes of providing this court with an

---

[3] The court also found that the defendant owed $3725 in attorney's fees and an appraisal fee of $750.

adequate record for review.[4] The court denied the defendant's motion. In response, the defendant filed with this court a motion for review of the court's denial of the motion for rectification. This court issued an order granting the defendant's motion and stated: "Review is granted and the relief requested therein is granted in that the trial court . . . shall hold a hearing, with counsel for the parties in attendance, at which arguments may be heard, evidence taken or a stipulation of counsel received and approved to rectify the record to indicate what arguments were made at the February 22, 2022 hearing on the plaintiff's motion for judgment of foreclosure by sale."[5]

On November 3, 2022, pursuant to this court's order, the trial court held a hearing on the plaintiff's motion for a judgment of foreclosure by sale during which the defendant's counsel argued, inter alia, that the amount of the statutory homestead exemption was amended in 2021 to protect up to $250,000 of the homestead of the exemptioner, that the defendant is entitled to the increased exemption because the statute was amended before the court rendered the judgment of foreclosure by sale, and, thus, that the exemption precludes the sale of the defendant's primary residence. The defendant's counsel also requested that the court hear evidence in the form of the defendant's testimony, which the court denied. The plaintiff then argued that the applicable version of the homestead exemption is found in General Statutes (Rev. to 2017) § 52-352b (t) because that was

---

[4] In support of his motion, the defendant argued that he had preserved issues for appeal during the hearing, including, inter alia, that the homestead exemption precluded the sale of his primary residence.

[5] The rectification hearing ordered by this court was a hearing in which the parties could present arguments concerning the applicability of the homestead exemption and the motion for a judgment of foreclosure by sale. That hearing, like the February 22, 2022 hearing, was not evidentiary in nature.

the revision in effect at the time the plaintiff commenced the foreclosure action. Moreover, the plaintiff asserted that "[t]he proper procedure is for the sale to happen, the proceeds get deposited with the court, and then the defendant files his exemption, if he has one." On December 14, 2022, the court issued an order stating that its "previously entered order" of February 25, 2022 (entry #115.05) "is affirmed with the attached transcript" of the November 3, 2022 hearing.

I

Central to our consideration of this appeal is the defendant's contention that the $250,000 homestead exemption set forth in § 52-352b (21) (expanded homestead exemption) applies. We agree and conclude that the expanded homestead exemption set forth in § 52-352b (21), first contained in Public Acts 2021, No. 21-161, § 1 (P.A. 21-161), applies retroactively to a post-judgment proceeding in which a judgment lien was issued and recorded and an action to foreclose that judgment lien was commenced prior to the effective date of P.A. 21-161, but the court's decision on the motion for a judgment of foreclosure was rendered after P.A. 21-161 became effective.

The following additional procedural history is relevant. In the defendant's March 22, 2021 objection to the plaintiff's motion for judgment of foreclosure by sale, he claimed that the sale of his property was precluded under the original homestead exemption, which was the effective exemption at that time. During the November 3, 2022 hearing on the motion for a judgment of foreclosure, however, the defendant argued that the homestead exemption had been amended and that he should be afforded the $250,000 protection set forth in the expanded homestead exemption. The plaintiff responded that it would be inappropriate for the court to apply the expanded homestead exemption because

the statute was amended after the commencement of the foreclosure action and, thus, the plaintiff argued that the court should apply the original homestead exemption.[6]

In his appellate brief, the defendant cites as the applicable statute the expanded homestead exemption of $250,000 in § 52-352b (21).[7] At oral argument before this court, the plaintiff's counsel recognized that, "unfortunately for [his] client," decisions issued by the United

[6] The following colloquy occurred during the November 3, 2022 hearing:

"[The Defendant's Counsel]: This claim is subject to the Homestead Exemption Act and it's actually—foreclosure would be prohibited by the Homestead Exemption Act for several reasons. First, the Homestead Exemption Act protects up to $250,000—not up to, a minimum of $250,000 of any equity that my client has in his—it's his primary residence. The total amount that's claimed is far less than that. So, automatically foreclosure is barred by the Homestead Exemption Act. Second, this is a—

"The Court: Well, let's do them one at a time. Let's do these one at a time. Let me hear from plaintiff's counsel on the Homestead Exemption Act.

"[The Plaintiff's Counsel]: So Judge, we had filed a reply to that objection that essentially indicates . . . . The exemption is for the equity. . . . And it says that the lien cannot be enforced up to the amount of the exemption. When this judgment entered, the exemption was [$]75,000. So, the subject property had a net equity which far exceeded that $75,000 exemption. And so, the proper procedure, since the amount of the debt is greater than the amount of the homestead exemption at the time this judgment entered, then the proper procedure would be to have a sale. And the defendant can exempt any proceeds of the sale up to [$]75,000 and the rest would go to the plaintiff.

"The Court: The Court agrees.

"[The Defendant's Counsel]: Your Honor?

"The Court: Yes?

"[The Defendant's Counsel]: If I can, for the record, state my response to counsel's arguments. So, first, counsel clearly indicates that the lien cannot be enforced up to the amount of the homestead exemption. So, first of all, I take objection to the fact that counsel is trying to retroactively claim that the homestead exemption is 75 instead of 250,000.

"The Court: Was it 75 at the time of the foreclosure?

"[The Defendant's Counsel]: No, Your Honor, it was changed in 2021, I believe, to $250,000.

"The Court: This case was brought in 2018."

[7] Specifically in his appellate brief, the defendant contends that § 52-352b "was modified via [P.A. 21-161] during the 2020 Covid-19 pandemic, and made effective October 1, 2021, *prior* to the trial court making its decision subject to appeal here." (Emphasis in original.)

States Bankruptcy Court for the District of Connecticut suggest that the expanded homestead exemption could be applied retroactively. In response to the defendant's assertion that the expanded homestead exemption applies and the plaintiff's representations at oral argument, this court, sua sponte, ordered supplemental briefing on whether the expanded homestead exemption applies to postjudgment proceedings initiated prior to the effective date of P.A. 21-161.[8] The defendant argues that it does and that the homestead exemption applies retroactively in this case. We agree.

We begin with our standard of review on issues of retroactivity. "Whether a statute applies retroactively raises a question of statutory construction over which our review is plenary." *Walsh* v. *Jodoin*, 283 Conn. 187, 195, 925 A.2d 1086 (2007). "In considering the question of whether a statute may be applied retroactively, we are governed by certain well settled principles, [pursuant to] which our ultimate focus is the intent of the legislature in enacting the statute. . . . [O]ur point of departure is General Statutes § 55-3, which [provides]: No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect. . . . [W]e have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The rule is rooted in the notion that it would be unfair to impose a substantive amendment that changes the grounds upon which an action may be maintained on parties who have already transacted or who are already committed

---

[8] The supplemental briefing order requested that the parties address "(1) whether the amended homestead exemption; General Statutes § 52-352b (21); applies retroactively to this case and (2) whether the enactment of the amended homestead exemption would constitute retroactive legislation when applied to a postenactment judgment of foreclosure; see *In re Cole*, 347 Conn. 284 [297 A.3d 151] (2023)."

to litigation. . . . In civil cases, however, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively. . . . While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress. . . . Procedural statutes . . . therefore leave the preexisting scheme intact. . . . [We presume] that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary . . . ." (Internal quotation marks omitted.) *King* v. *Volvo Excavators AB*, 333 Conn. 283, 292, 215 A.3d 149 (2019). Further, exemptions, like the homestead exemption, "are construed liberally in the debtor's favor." *Rockstone Capital, LLC* v. *Sanzo*, 332 Conn. 306, 315, 210 A.3d 554 (2019).

"In 1993, the legislature, for the first time, enacted [the] 'homestead act,' whereby a debtor could protect up to $75,000 of the value of a primary residence from attachment in postjudgment proceedings or bankruptcy [original act]. See Public Acts 1993, No. 93-301, § 2 (P.A. 93-301)." *In re Cole*, 347 Conn. 284, 287, 297 A.3d 151 (2023) (*Cole*). As we have stated, that was amended by P.A. 21-161, § 1, which expanded the amount of the homestead exemption to $250,000.

In *In re Cole*, supra, 347 Conn. 310, our Supreme Court addressed whether "the expanded homestead exemption contained in P.A. 21-161, § 1, appl[ies] in bankruptcy proceedings *filed on or after the effective date of the act* to debts that accrued prior to that date . . . ."[9] (Emphasis added.) The court answered the

---

[9] The United States District Court for the District of Connecticut "certified to [the Connecticut Supreme Court] the question of '[w]hether [P.A.] 21-161 applies retroactively to debts incurred by the debtor before [P.A.] 21-161 took effect or prospectively.' [Our Supreme Court] accepted certification but . . . [answered] a slightly modified version of the certified question:

question in the affirmative; id., 298; however, it did not address whether the expanded homestead exemption applies retroactively to a proceeding that was commenced before P.A. 21-161 became effective, but in which a judgment of foreclosure was rendered after P.A. 21-161 took effect. See *In re Hotchkiss*, United States Bankruptcy Court, Docket No. 23-20023, *2 (JTT) (Bankr. D. Conn. November 28, 2023) ("[r]ather than engage in a retroactivity analysis, the Connecticut Supreme Court simply decided that, [b]ecause the legislature did not direct otherwise, the expanded homestead exemption in P.A. 21-161 . . . applies in all . . . postjudgment proceedings initiated on or after the effective date of the act, regardless of when the underlying debts accrued" (emphasis omitted; internal quotation marks omitted)).

The present case is factually distinguishable from *Cole* in that the foreclosure action in this matter was commenced prior to the passage of the expanded homestead exemption. As stated previously, *Cole* did not consider whether the expanded homestead exemption applies retroactively to postjudgment proceedings initiated prior to the effective date of the act.[10] For the reasons set forth herein, we conclude that the expanded homestead exemption applies retroactively to a postjudgment proceeding where both the judgment lien was

does the expanded homestead exemption contained in P.A. 21-161, § 1, apply in bankruptcy proceedings filed on or after the effective date of the act to debts that accrued prior to that date? [Our Supreme Court answered] that question in the affirmative." *In re Cole*, supra, 347 Conn. 289–90.

[10] In *Cole*, the debtor argued that, "[i]f the expanded homestead exemption were applied to a *previously* commenced bankruptcy proceeding, then a retroactivity issue would arise. But, [the debtor] contends, merely to apply the expanded exemption in a . . . proceeding that was commenced after the effective date of P.A. 21-161, § 1, does not raise any retroactivity concerns . . . ." (Emphasis in original.) *In re Cole*, supra, 347 Conn. 303. Our Supreme Court agreed and determined that retroactivity is not implicated when the expanded homestead exemption does not apply retroactively in "postjudgment proceedings *initiated on or after the effective date of the act*, regardless of when the underlying debts accrued." (Emphasis added.) Id., 310.

recorded and the action to foreclose on the lien was commenced prior to the effective date of P.A. 21-161, but the judgment of foreclosure was rendered after the effective date.

We begin by addressing whether the expanded homestead exemption is procedural or substantive. Our Supreme Court has recognized that "[i]t is clear that the purpose of the [homestead exemption] is to specify the exemptions that are *presently* available to a debtor"; (emphasis in original) *In re Cole*, supra, 347 Conn. 309; and that "the legislature increased the homestead exemption in 2021 to keep pace with inflation." Id., 297. The legislature's intent in enacting the expanded homestead exemption, therefore, was not to create, define, or regulate rights, rather it was to prescribe "the methods of enforcing such rights or obtaining redress." (Internal quotation marks omitted.) *King* v. *Volvo Excavators AB*, supra, 333 Conn. 292. Further, our Supreme Court has explained that the legislature's intent in enacting the homestead exemption was to focus "on the enforcement process—what exemptions are available to the debtor *during the bankruptcy or postjudgment proceeding*." (Emphasis in original.) *In re Cole*, supra, 309. On the basis of the foregoing, we conclude that the expanded homestead exemption is procedural in nature.[11]

We next examine the text of P.A. 21-161 "to determine whether it contains any expressed intention that it not

[11] Our Supreme Court observed in *Cole* that "the unsecured creditors are presumed to have been aware that the legislature could increase the size of the homestead exemption at any time and that their rights might otherwise be adversely impacted by changes in federal or state law. . . . Any expectation that the debtor would be perpetually limited to a $75,000 exemption [is], in short, unreasonable." (Citations omitted; internal quotation marks omitted.) *In re Cole*, supra, 347 Conn. 308. That observation provides further support for the proposition that the expanded homestead exemption is procedural because it involves the methods by which a judgment debtor is afforded redress.

be applied retroactively." *King* v. *Volvo Excavators AB*, supra, 333 Conn. 295. It does not. Public Act 21-161 "begins by repealing General Statutes (Rev. to 2021) § 52-352b in its entirety. It then provides, with respect to the homestead exemption: 'The following property of any natural person shall be exempt . . . (21) The homestead of the exemptioner to the value of two hundred fifty thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . .' P.A. 21-161, § 1. Finally, the act provides that it is '[e]ffective October 1, 2021 . . . .' P.A. 21-161, § 1." *In re Cole*, supra, 347 Conn. 294–95. Significantly, "[n]othing in the language of the act indicates that the legislature intended to carve out preexisting (or any other) debts from the reach of the exemption"; id., 295; nor does anything in the language of P.A. 21-161, § 1, suggest that the legislature intended to preclude it from applying to a postjudgment proceeding in which the action to foreclose on the judgment lien was commenced before P.A. 21-161, § 1, became effective. Accordingly, after a thorough review of the text of P.A. 21-161, § 1, we are persuaded that the expanded homestead exemption is available under the facts of this case.

This determination is buttressed by our well settled principles of statutory construction. "As we have stated many times, [when] a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed. . . . This principle applies with equal force to reenactments of previous statutes." (Citation omitted; internal quotation marks omitted.) Id., 297. In the present case, P.A. 21-161 omits the carve-out for preexisting debts that was set forth in the original act. Specifically, P.A. 93-301 provided: "This act

shall take effect October 1, 1993, and shall be applicable to any lien for any obligation or claim arising on or after said date." P.A. 93-301, § 3. In contrast, P.A. 21-161 provides in relevant part: "Section 52-352b of the general statutes is repealed and the following is substituted in lieu thereof (Effective October 1, 2021) . . . ." P.A. 21-161, § 1. "The fact that the legislature included a special carve-out for preexisting debts in the original homestead act but did not include one in the 2021 act indicates an intent *not* to exclude preexisting debts from the scope of the expanded homestead exemption." (Emphasis in original.) *In re Cole*, supra, 347 Conn. 297.

On the basis of the foregoing, we conclude that the expanded homestead exemption applies retroactively to a postjudgment proceeding in which a judgment lien was recorded and the action to foreclose on the judgment lien was commenced at a time when the now repealed statute was in effect, but the judgment of foreclosure was rendered after P.A. 21-161 became effective.

## II

We now turn to the defendant's claim on appeal that the court improperly rendered a judgment of foreclosure by sale. Specifically, the defendant maintains that the court incorrectly denied his request for the court to conduct an evidentiary hearing to determine whether the expanded homestead exemption applies to preclude the plaintiff from foreclosing on the defendant's primary residence.[12] We agree.

---

[12] The plaintiff's brief to this court presents fewer than two pages of argument and inexplicably relies on *Spears* v. *Elder*, 156 Conn. App. 778, 115 A.3d 482 (2015). In that case, the defendant did not raise a homestead exemption claim until *after* a judgment of foreclosure had been rendered. Id., 782–83. Accordingly, *Spears* is procedurally different from the present appeal, and we disagree with the plaintiff's contention that it supports his position in this appeal.

The homestead exemption is codified in Chapter 906 of the General Statutes, titled "Postjudgment Procedures," and "relates to the enforcement of money judgments. Under this chapter, a judgment creditor may enforce a money judgment by execution or foreclosure 'against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section . . . 52-352b . . . or any other provision of the general statutes or federal law.' [General Statutes] § 52-350f."[13] *KLC, Inc.* v. *Trayner*, 426 F.3d 172, 175 (2d Cir. 2005).

Section 52-352b sets forth property exempt from postjudgment procedures and provides in relevant part: "The following property of any natural person shall be exempt . . . (21) The homestead of the exemptioner to the value of two hundred fifty thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . ." Additionally, General Statutes § 52-352a is titled "Definitions for exempt property provisions" and provides in relevant part: "As used in . . . section . . . 52-352b . . . (1) 'Value' means fair market value of the exemptioner's equity or unencumbered interest in the property . . . (3) 'Exempt' means, unless otherwise specified, not subject to any form of process or court order for the purpose of debt collection . . . [and] (5) 'Homestead' means owner-occupied real property . . . used as a

---

[13] General Statutes § 52-350f provides in relevant part: "A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section . . . 52-352b . . . or any other provision of the general statutes or federal law. The money judgment may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment with (1) all statutory costs and fees as provided by the general statutes, (2) interest as provided by chapter 673 on the money judgment and on the costs incurred in obtaining the judgment, and (3) any attorney's fees allowed pursuant to section 52-400c."

primary residence." Accordingly, in interpreting Connecticut's statutory homestead exemption, the United States Court of Appeals for the Second Circuit observed that the definitions set forth in § 52-352a "mean that a judgment lien can attach on a homestead, but that such a lien cannot be enforced up to the amount of the exemption." *KLC, Inc.* v. *Trayner*, supra, 426 F.3d 175.

In his appellate brief, the defendant argues that "Connecticut trial courts have consistently required evidentiary hearings to resolve claims under the homestead exemption . . . prior to issuing foreclosure judgments."[14] Although our appellate courts have yet to address the specific question of whether a defendant must be afforded an evidentiary hearing on a homestead exemption claim prior to the court rendering a judgment of foreclosure, decisions of the Superior Court support the claim that such a hearing should be held. See *Barker* v. *Bell*, Superior Court, judicial district of Hartford, Docket No. CV-11-6019767-S (June 8, 2012) (54 Conn. L. Rptr. 123, 123), (court determined that, "[w]hen a party asserts a [h]omestead [e]xemption, the court is required to conduct an evidentiary hearing" (internal quotation marks omitted)); see also *Unifund CCR Partners* v. *Scheappi*, Superior Court, judicial district of Hartford, Docket No. CV-06-5007258-S (March 20, 2008) (45 Conn. L. Rptr. 221, 222) (same); *Lienfactors, LLC* v. *Belamour*, Superior Court, judicial district of Fairfield, Docket No. CV-06-5002622-S (November 20, 2007) (same). The Second Circuit noted that "Connecticut Superior Courts . . . uniformly allow the homestead exemption before ordering foreclosure on a judgment lien." *KLC, Inc.* v. *Trayner*, supra, 426 F.3d 177. We agree with the defendant and find these cases persuasive for the proposition that, when a defendant asserts a homestead exemption claim before a judgment of

---

[14] In his appellate brief, the plaintiff does not respond to the defendant's argument in reliance on these cases.

foreclosure is rendered, the proper procedure is for the court to afford the defendant with the opportunity to present support for their claim by way of an evidentiary hearing.

We anticipate that the specific procedure of that evidentiary hearing would include the court applying the statutory definitions set forth in § 52-352a to the formula contained in § 52-352b (21) and deciding, on the basis of the evidence before it, whether to render a judgment of foreclosure. Specifically, the court should find the value of the property, which is "determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it" and subtract from that value the amount of the exemption. General Statutes § 52-352b (21). The result is the amount to which the judgment lien can attach. If the result is negative, the court may determine to withhold foreclosure or deny the motion for a judgment of foreclosure. See *Barker* v. *Bell*, supra, 54 Conn. L. Rptr. 124; see also *Unifund CCR Partners* v. *Scheappi*, supra, 45 Conn. L. Rptr. 223 ("A foreclosure action is equitable in nature. . . . A trial court has discretion, after review of the equities, to withhold foreclosure. . . . When [a] plaintiff could well realize nothing in this action, the court can properly deny the plaintiff a foreclosure judgment." (Citations omitted.)).

In the present case, the defendant raised his homestead exemption claim several times before the court rendered a judgment of foreclosure: (1) as a special defense; (2) in his objection to the plaintiff's motion for a judgment of foreclosure; and (3) during the November 3, 2022 hearing. At the November 3, 2022 hearing, the defendant argued that his homestead exemption claim precludes the court from rendering a judgment of foreclosure with respect to his primary residence. In response, the plaintiff argued that the homestead

exemption would apply only after the foreclosure sale had occurred and that "[t]he proper procedure is for the sale to happen, the proceeds get deposited with the court, and then the defendant files his exemption, if he has one."[15] Also at the November 3, 2022 hearing, the defendant's counsel requested to present, and for the court to consider, evidence in support of the defendant's homestead exemption claim.[16] In response, the

[15] At oral argument before this court, the plaintiff's counsel conceded that a remand of the case for a new hearing on the motion for a judgment of foreclosure by sale is necessary, specifically to set a new fair market value of the property. The plaintiff's counsel, however, maintained that the defendant's homestead exemption claim should not be argued at that time and instead, should be argued only after the foreclosure sale of the defendant's primary residence has occurred. Because we conclude that an evidentiary hearing on whether a defendant is entitled to the homestead exemption is to occur prior to a court rendering a decision on a plaintiff's motion for judgment of foreclosure, we disagree with the plaintiff's proposed procedure.

[16] The following colloquy occurred:

"[The Defendant's Counsel]: And my client is also here to testify specifically about the equity as well.

"The Court: Your client is not an appraiser, is he?

"[The Defendant's Counsel]: He is the owner of the property and people are allowed to testify about—

"The Court: As to their feeling of the value. I know that, as to their feeling as to the value of the property. If you want him to, I'll let you, but—

"[The Plaintiff's Counsel]: Judge, if I may be heard . . . . This is not an evidentiary hearing, motions for strict or sale are not evidentiary presentations. It would be improper for the court to hear testimony from the defendant on any subject, but especially on something like value which—

"The Court: I got you. All right. . . .

"[The Defendant's Counsel]: If I may respond to that for the record, Your Honor? The Appellate [Court] order specifically says . . . that the trial court . . . shall hold a hearing with counsel for the parties in attendance at which arguments may be heard, evidence taken . . . . And so, Your Honor, I think that I do have a right to present the witness.

"The Court: But do I know that that argument was made at the February hearing?

"[The Defendant's Counsel]: We don't know because there's no record.

"[The Plaintiff's Counsel]: Judge, that's disingenuous. [The defendant] did not testify at that hearing."

"The Court: Well, that's for sure.

(Simultaneous Speaking)

"[The Defendant's Counsel]: And I'm requesting for him to testify here again.

plaintiff's counsel maintained that it is inappropriate for a court to consider evidence during a hearing on a motion for a judgment of foreclosure by sale. The court agreed with the plaintiff and denied the defendant's request to present evidence. See footnote 5 of this opinion.

On the basis of the foregoing, we conclude that, because the defendant raised his homestead exemption claim before the court rendered a judgment of foreclosure, the court's denial of the defendant's request for an evidentiary hearing on his claim was improper. Accordingly, the appropriate remedy is for this court to reverse the judgment of foreclosure by sale and remand the case to the trial court for an evidentiary hearing, consistent with the procedure set forth previously in this opinion, as to the applicability of the defendant's homestead exemption claim pursuant to § 52-352b (21) prior to rendering a decision on the plaintiff's motion for a judgment of foreclosure by sale.[17]

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

――――――――――――

"The Court: Yeah, but you know he did not testify at the last hearing.

"[The Defendant's Counsel]: But I'm asking for him to testify just like I did last time.

"The Court: I'm going to pass on that. I'm not going to agree to that.

"[The Defendant's Counsel]: Can I ask why, Your Honor?

"The Court: Yeah, because I don't think that's appropriate at this point in what we were sent back to do."

[17] The defendant also argues in his appellate brief that "[t]he trial court improperly refused to take evidence regarding applicable housing laws which lower the permitted resale value of the property." The plaintiff does not respond to this argument in his appellate brief. We need not address this claim in light of our determination that the judgment of foreclosure by sale must be reversed and the case remanded for an evidentiary hearing.