******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE CONNECTICUT NOVELTY COMPANY
*v.* CHRISTINE GRAICHEN
(AC 47670)

Moll, Seeley and Wilson, Js.

*Syllabus*

The defendant appealed from the judgment of the trial court granting the plaintiff's application for a prejudgment remedy. The defendant claimed that the court improperly granted the application and ordered that the plaintiff could attach, garnish or encumber any of her real or personal property to a certain value because it failed to consider and apply the statutory homestead exemption (§ 52-352b (21)). *Held*:

This court declined to reach the merits of the defendant's claim regarding the homestead exemption, as the claim was raised for the first time in the defendant's posthearing brief and was not properly preserved for appellate review, and, because no evidence was offered regarding the fair market value of the defendant's home and the court did not make any such finding, the record was inadequate for review.

Argued April 23—officially released July 22, 2025

*Procedural History*

Action to recover damages for, inter alia, statutory theft, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the court, *Shah, J.*, granted the plaintiff's application for a prejudgment remedy, and the defendant appealed to this court. *Affirmed.*

*Alexander T. Taubes*, for the appellant (defendant).

*Jonathan M. Shapiro*, for the appellee (plaintiff).

*Opinion*

SEELEY, J. The defendant, Christine Graichen, appeals from the judgment of the trial court granting the application for a prejudgment remedy filed by the plaintiff, The Connecticut Novelty Company, doing business as Malloves Jewelers, a family operated jewelry store. The court granted the application after finding probable

cause to sustain the validity of the plaintiff's claims against the defendant for breach of fiduciary duty, statutory theft, conversion, unjust enrichment, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., which stemmed from the defendant's alleged theft and misappropriation of the plaintiff's funds for her own personal use. On appeal, the defendant claims that the court improperly granted the plaintiff's application for a prejudgment remedy and ordered that the plaintiff could attach, garnish or encumber any real or personal property of the defendant to the amount of $554,260.35 because it failed to consider and to apply the homestead exemption set forth in General Statutes § 52-352b (21), which exempts from the claims of creditors the value of the debtor's homestead up to the amount of $250,000. Because we conclude that the defendant did not properly preserve her claim for appellate review and, further, that the record is inadequate for our review of this claim, we decline to review it and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On August 22, 2023, the plaintiff filed an application for a prejudgment remedy,[1] alleging that it had sustained damages at least

---

[1] "A prejudgment remedy application is brought as a prelude to the filing of a civil action, and is meant to determine whether security should be provided for any judgment ultimately recovered by the plaintiff if he or she is successful on the merits of the civil action." (Internal quotation marks omitted.) *Adler* v. *Rosenthal*, 163 Conn. App. 663, 676, 134 A.3d 717 (2016); see also *Caciopoli* v. *Howell*, 124 Conn. App. 273, 277, 5 A.3d 509 (2010) ("[a] prejudgment attachment is a provisional remedy afforded to a claimant to secure satisfaction of a judgment in the future" (internal quotation marks omitted)). "A prejudgment remedy means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment . . . . General Statutes § 52-278a (d). A prejudgment remedy is available upon a finding by the court that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking

in the amount of $422,012.55 as a result of the defendant's theft of the plaintiff's funds and that there was probable cause to believe that a judgment in the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims, or setoffs, will be rendered in its favor. Along with the application for a prejudgment remedy, the plaintiff filed a proposed complaint, which set forth claims for breach of fiduciary duty, statutory theft in violation of General Statutes § 52-564,[2] conversion, unjust enrichment, and violations of CUTPA.[3] Specifically, the proposed complaint alleged that the plaintiff is a family operated jewelry store located in Middletown and owned by Marc Levin, and that the defendant began working for the plaintiff in 2002 and continued to do so for more than twenty years in multiple roles, most recently as an office manager. It further alleged that, in April, 2023, the plaintiff terminated the defendant's employment after the plaintiff discovered the defendant "attempt[ing] to delete valuable company information from [the plaintiff's] main computer . . . in an effort to hide her theft and misappropriation of [the plaintiff's] funds for her own personal use," and that the defendant used "at least $140,670.85" of the plaintiff's funds to pay for a relative's wedding and to make "routine purchases for her own personal gain . . . ."

The court, *Shah, J.*, held a hearing[4] on the plaintiff's application for a prejudgment remedy on May 9, 2024,

into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . . General Statutes § 52-278d (a) (1)." (Internal quotation marks omitted.) *Prescott* v. *Gilshteyn*, 227 Conn. App. 553, 563, 322 A.3d 1060, cert. denied, 350 Conn. 926, 326 A.3d 248 (2024).

[2] General Statutes § 52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

[3] The proposed complaint also sought a declaratory judgment concerning the rights of the parties with respect to certain social media accounts.

[4] We note that the defendant has not provided this court with a copy of the transcript of the hearing, and, as a result, we do not know whether the hearing consisted of oral argument and reliance on affidavits, or whether

and ordered the parties to submit posthearing briefs by May 16, 2024. Both parties complied with the court's order and submitted their respective briefs on May 16, 2024. In her posthearing brief, the defendant claimed, for the first time, that the plaintiff's application for a prejudgment remedy, in which the plaintiff sought an attachment of certain property in Middlefield where the defendant resides, should be denied because the defendant's home in Middlefield is exempt from attachment under the homestead exemption.[5] In a written decision dated May 21, 2024, the court granted the plaintiff's application for a prejudgment remedy in the amount of $554,260.35, ordering that the plaintiff "may attach, garnish and/or encumber to the value of $554,260.35 . . . the property and/or assets of the defendant . . . in any real or personal property . . . ." In its order, the court did not specifically refer to the homestead exemption, although it did state that it considered "any known defenses, counterclaims, and/or setoffs . . . ." This appeal followed.

On appeal, the defendant claims that the court improperly granted the plaintiff's application for a prejudgment remedy in the amount of $554,260.35 allowing for the attachment of the defendant's home because it failed to consider and to apply the homestead exemption.[6] See General Statutes § 52-352b (21). The plaintiff

there was testimony and exhibits presented. In its written decision, the court merely stated that it had made its findings "[a]fter due hearing at which the plaintiff and the defendant appeared and were fully heard on the claims and any defenses . . . ."

[5] In support of this claim, the defendant attached to her posthearing brief a municipal tax assessment of her home in Middlefield.

[6] "The homestead exemption is codified in chapter 906 of the General Statutes, titled 'Postjudgment Procedures,' and 'relates to the enforcement of money judgments. Under this chapter, a judgment creditor may enforce a money judgment by execution or foreclosure 'against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section . . . 52-352b . . . or any other provision of the general statutes or federal law.' . . . [General Statutes §] 52-352b sets forth property exempt from postjudgment procedures and

counters that the homestead exemption does not apply to a prejudgment remedy. We leave for another day the resolution of that issue because, for the following reasons, we decline to address the merits of the defendant's claim.

First, the record demonstrates that the defendant raised her claim regarding the application of the homestead exemption for the first time in her posthearing brief. At oral argument before this court, the defendant's counsel acknowledged that the claim was not raised before the trial court during the hearing on the prejudgment remedy application, and the court did not specifically address it in its memorandum of decision.

In *Connex Credit Union* v. *Thibodeau*, 208 Conn. App. 861, 872–74, 266 A.3d 930 (2021), appeal dismissed, 346 Conn. 708, 295 A.3d 416 (2023), this court addressed similar circumstances in which a party raised a claim for the first time in a posttrial brief and concluded: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . . Practice Book § 60-5. [T]he reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . [T]o permit the appellant first to raise posttrial an issue that [did not arise] during the course of the trial would circumvent the policy underlying the requirement of timely preservation of issues. . . . *Carroll* v. *Yankwitt*, 203 Conn. App. 449, 479 n.23,

provides in relevant part: 'The following property of any natural person shall be exempt . . . (21) The homestead of the exemptioner to the value of two hundred fifty thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . .' " (Citations omitted; footnote omitted.) *Ferreira* v. *Ward*, 224 Conn. App. 571, 584–85, 312 A.3d 1075 (2024).

250 A.3d 696 (2021). This court previously has declined to review a claim raised for the first time in a posttrial brief because doing so would contravene the purpose of the preservation requirement, noting that it was not surprising that the trial court did not address the [claim raised for the first time in a posttrial brief] in any manner in its memorandum of decision. *AS Peleus, LLC* v. *Success, Inc.*, 162 Conn. App. 750, 759–60, 133 A.3d 503 (2016). Thus, because the issue was only raised in the defendant's posttrial brief and because the record is inadequate for review, we do not reach the merits of this claim." (Emphasis omitted; internal quotation marks omitted.) *Connex Credit Union* v. *Thibodeau*, supra, 873–74. Likewise, in the present case, because the defendant raised her claim regarding the homestead exemption for the first time in her posthearing brief, she did not properly preserve the claim for appellate review.

Additionally, and for similar reasons, the record is inadequate for this court to review the claim. "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal. Practice Book § 61-10 (a). This court does not presume error on the part of the trial court; error must be demonstrated by an appellant on the basis of an adequate record. . . . The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record . . . . Without the necessary factual and legal conclusions . . . any decision made by us respecting [the claims raised on appeal] would be entirely speculative. . . . If an appellant fails to provide an adequate record, this court may decline

to review the appellant's claim." (Internal quotation marks omitted.) *S. C.* v. *J. C.*, 227 Conn. App. 326, 334–35, 321 A.3d 427 (2024).

In *Connex Credit Union* v. *Thibodeau*, supra, 208 Conn. App. 873, this court concluded: "Because the trial court did not consider this issue, the factual record is wholly inadequate for our review. The court did not make findings of fact relevant to this specific issue. Therefore, in asking us to review this claim, the defendant is essentially asking us to make factual findings— a request with which we cannot comply. See *Byrne* v. *Spurling*, 105 Conn. App. 99, 103, 937 A.2d 70 (2007). [A]n examination of the plaintiff's belated arguments demonstrates the need for factual findings that the record does not contain. Id. For these reasons, we cannot address the merits of this claim." (Internal quotation marks omitted.) *Connex Credit Union* v. *Thibodeau*, supra, 873.

In the present case, even if we assume that the homestead exemption applies to a prejudgment remedy, to demonstrate entitlement to the homestead exemption, a litigant must submit evidence regarding the fair market value of the real property at issue, and the court must make a finding in that regard. See General Statutes § 52-352b (21) (exempting "[t]he homestead of the exemptioner to the value of two hundred fifty thousand dollars . . . *provided value shall be determined as the fair market value of the real property*" (emphasis added)); General Statutes § 52-352a ("[a]s used in . . . [section] 52-352b . . . (1) '*Value' means fair market value* of the exemptioner's equity or unencumbered interest in the property" (emphasis added)); see also *Ferreira* v. *Ward*, 224 Conn. App. 571, 586, 312 A.3d 1075 (2024). Again, because the defendant's claim was not raised during the hearing on the application for the prejudgment remedy, no evidence was offered regarding the fair market value of the defendant's home, nor

did the court make any such finding.[7] The defendant's counsel acknowledged this during oral argument before this court. "[I]t is axiomatic that this court, as an appellate tribunal, cannot find facts . . . ." (Internal quotation marks omitted.) *Nowak* v. *Environmental Energy Services, Inc.*, 218 Conn. App. 516, 526, 292 A.3d 4 (2023). Moreover, without a finding by the trial court concerning the fair market value of the defendant's home, this court would have to resort to speculation to resolve her claim. See, e.g., *Lederle* v. *Spivey*, 151 Conn. App. 813, 816–18, 96 A.3d 1259 (declining to review appellant's claim due to inadequate record when resolving claim would have required this court to "speculate as to the existence and nature" of underlying facts), cert. denied, 314 Conn. 932, 102 A.3d 84 (2014); *Caciopoli* v. *Howell*, 124 Conn. App. 273, 277–79, 5 A.3d 509 (2010) (declining to review claim challenging amount of prejudgment remedy due to inadequate record).

Accordingly, because the defendant's claim regarding the homestead exemption was raised for the first time in the defendant's posthearing brief and because the

---

[7] The defendant concedes that there is no evidence in the record of the fair market value of her home in Middlefield; however, she contends that the municipal tax assessment that she attached to her posthearing brief; see footnote 5 of this opinion; provides a sufficient basis from which this court could determine the value of her home and, thus, review her claim. The plaintiff counters that, because the tax assessment was never presented to the court at the hearing on the prejudgment remedy application, it was never authenticated or submitted into evidence; therefore, it "is not even evidence before this court . . . ." The plaintiff further asserts that, even if this court were to consider the tax assessment as evidence, "[a]ssessed value does not constitute fair market value." We agree with the plaintiff that the tax assessment is not properly before this court. See *In re Corey C.*, 198 Conn. App. 41, 62 n.18, 232 A.3d 1237 ("[W]e cannot consider evidence not available to the trial court to find adjudicative facts for the first time on appeal. . . . It is well established that this court does not find facts." (Internal quotation marks omitted.)), cert. denied, 335 Conn. 930, 236 A.3d 217 (2020); see also *Bethel Baseball Assn., Inc.* v. *Dyer*, 231 Conn. App. 721, 742–43 n.11, 334 A.3d 1034 (2025) (declining to review claim predicated on evidence not in record).

record is inadequate for review, we decline to reach the merits of the defendant's claim. See *Connex Credit Union* v. *Thibodeau*, supra, 208 Conn. App. 874.

The judgment is affirmed.

In this opinion the other judges concurred.